A District Court jury convicted the defendant, Luis Santiago, of a single count of indecent assault and battery on a child under the age of fourteen, G. L. c. 265, § 13B. On appeal, he contends that the prosecutor impermissibly exploited his prearrest silence and made improper comments in closing argument about a defense witness. Because the defendant did not raise any of these claims at trial, we review only to determine whether any error or misconduct created a substantial risk of a miscarriage of justice. See Commonwealth v. Kozec, 399 Mass. 514, 518 n.8 (1987) ; Commonwealth v. Alphas, 430 Mass. 8, 13 (1999). We affirm.
1. Claims regarding prearrest silence. The police responded to the defendant's residence after the victim reported the incident. The defendant discussed the allegations with the officers, explaining that the victim and her friend were disturbing him by running in and out of his living room, and that he never touched the victim. When the defendant testified at trial, he included details that he had not mentioned to the officers, including that the victim had given him a note expressing her love from him, then got angry when he told her to leave. On cross-examination, the defendant admitted that he did not tell the police about the note or the victim's profession of love.
In summation, defense counsel argued that if the defendant had shown the victim's note to the police, he never would have been charged. The prosecutor suggested that the defendant's testimony about the note was a fabrication, and that if this detail was so important, the defendant would have told the police officers about it.
The defendant argues that the prosecutor's cross-examination and closing argument exploited his prearrest silence, in violation of his rights to due process, a fair trial, and his privilege against self-incrimination. We disagree with the defendant's characterization of what occurred. "This was not a case in which the defendant was confronted with his prearrest silence."[2] Commonwealth v. Niemic, 472 Mass. 665, 672 (2015). Rather, "[t]his was a case where the prosecutor was confronting the defendant with his prearrest statements, and impeaching him with inconsistencies between those statements and his trial testimony." Ibid. "The prosecutor was entitled to cross-examine the defendant about those inconsistencies, including any omissions in those statements that were different from his trial testimony." Ibid. There was no error.
2. Claims regarding the defense witness. The defendant also contends that the prosecutor impermissibly argued that the jury should discredit a defense witness's testimony because she failed to come forward prior to trial. The witness, a neighbor, testified that she saw the victim and her friend playing on the defendant's porch that day and saw them go inside the defendant's house for "[n]ot even two minutes." She saw them playing and laughing. On cross-examination, the witness admitted that she saw the police arrive, but she did not go over to tell the police what she had observed, and she did not come forward even after she learned the defendant had been arrested.
The Commonwealth concedes, and we agree, that the prosecutor did not establish the foundation to impeach the witness with her failure to come forward. See Commonwealth v. Hart, 455 Mass. 230, 238-239 (2009). Nonetheless, we conclude that this error did not create a substantial risk of a miscarriage of justice.
The witness's testimony was confusing and disjointed, and we do not read it as clearly stating that the victim and her friend were laughing five minutes before the police arrived. Nor was her testimony central to the defendant's case; indeed, defense counsel did not even mention the neighbor witness in his closing argument. We are confident that the prosecutor's comment did not materially influence the result of the trial. See Alphas, 430 Mass. at 13.
The defendant also claims that the prosecutor improperly argued that the witness did not like the victim's mother. We disagree. To be sure, attorneys' closing arguments may not "misstate the evidence or refer to facts not in evidence." Kozec, 399 Mass. at 516. "Prosecutors must limit the scope of their arguments to facts in evidence and inferences that may be reasonably drawn from the evidence." Commonwealth v. Coren, 437 Mass. 723, 730 (2002). Here, the prosecutor's claim of the neighbor's animosity toward the victim and her mother was fairly inferred from the neighbor's answers on cross-examination, in which she admitted they were not friends, that they do not like her, and that she "did not have a very favorably impression" of them.
Judgment affirmed.

Because Commonwealth v. Irwin, 72 Mass. App. Ct. 643 (2008), is a prearrest silence case, the defendant's reliance on Irwin is misplaced.